UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TARONN KENARD BROWN,

        Plaintiff,

v.                                                       Case No. 3:21-cv-00907-BJD-JBT

WARDEN GODWIN, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Taronn Kenard Brown, an inmate of the Florida penal system, initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff alleges four close-management inmates attacked him on a transport bus using homemade razors. See Compl. at 7. He asserts the inmates were able to attack him because the guards did not put their handcuffs on properly. Id. at 6-7. Plaintiff alleges as follows:

> As each inmate walked out [of] the property room to be placed on the bus for transfer Major Kelly and both Warden Goodwin and Assistant Warden Allen watched Major Kelly inspect every inmate [sic] handcuffs and shackles to make sure each inmate were [sic] properly secured. Major Kelly[,] Warden Goodwin[,] and Assistant Warden Allen did not alert the prison officials that each inmate were [sic] improperly handcuffed with the black lock handcuff box.

Id. at 6 (internal quotations omitted). Plaintiff contends the officers' failure to "follow[] the manufacture instructions concerning how to use the black lock handcuff box [caused his] injuries." Id. at 8. He says their conduct "resulted in reckless disregard and a deliberate indifference" to his safety. Id. at 8. Plaintiff acknowledges he received immediate medical treatment when the transport bus arrived at Lake Butler Reception Center. Id. at 7.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. See Iqbal, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See id. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). The Eighth Amendment's prohibition against cruel and unusual punishment has been interpreted to mean that prison guards have a duty "to protect inmates from violence at the hands of other inmates." Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (quoting Farmer v. Brennan, 511 U.S. 825, 828 (1994)). But not every injury an inmate sustains at the hands of another inmate is actionable as an Eighth Amendment violation against prison guards who fail to prevent the injury. Id. Indeed, the Eleventh Circuit has stressed "that a prison custodian

is not the guarantor of a prisoner's safety." Purcell ex rel. Est. of Morgan v. Toombs Cnty., Ga, 400 F.3d 1313, 1321 (11th Cir. 2005) (quoting Popham v. City of Talladega, 908 F.2d 1561, 1564 (11th Cir. 1990)).

An inmate proceeding against prison guards for injuries he sustained at the hands of another inmate must allege the guards were "deliberately indifferent to a substantial risk of serious harm," which is a high standard. See Oliver v. Harden, 587 F. App'x 618, 620 (11th Cir. 2014) (citing Carter, 352 F.3d at 1349). "To be deliberately indifferent, [prison] guards must have been subjectively aware of [a] substantial risk of serious harm to the inmate and must have failed to respond reasonably to the risk." Id. An injured plaintiff must allege prison guards who failed to prevent harm "were aware of specific facts from which it could be inferred that a substantial risk of serious harm existed and . . . actually drew that inference." Id. "Mere negligent failure to protect an inmate from attack does not justify liability." Id.

A random, isolated incident between inmates does not, by itself, give rise to a deliberate indifference claim against prison guards who happen to be present at or near the time of the incident. Id. Rather, a plaintiff must allege facts permitting the reasonable inference prison officials were deliberately indifferent to an "excessive risk of inmate-on-inmate violence." Id. See also Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014) ("[O]ccasional,

4

isolated attacks by one prisoner on another may not constitute cruel and unusual punishment."). In Oliver, for example, the court affirmed summary judgment in favor of prison guards because the evidence showed the incident was an isolated event, the plaintiff and the attacking inmate did not have a history of conflict, and the plaintiff did not report having been fearful of the attacking inmate before the incident. Id. See also Averhart v. Warden, 590 F. App'x 873, 875 (11th Cir. 2014) (holding the district court did not err in granting summary judgment in favor of the defendant prison guard because the evidence showed the inmate-on-inmate attack was "a random-violence case").

Even when prison officials are aware of prior incidents of inmate-on-inmate violence involving weapons, officials will not be responsible under the Eighth Amendment unless the plaintiff shows the prison environment is one "where violence and terror reign." Harrison, 746 F.3d at 1299-1300. It is not enough to allege prison officials "had subjective awareness of only some risk of harm." Marbury v. Warden, 936 F.3d 1227, 1238 (11th Cir. 2019) (emphasis in original).

Accepting as true that some inmates' restraints were not secured properly, Plaintiff does not allege facts permitting the reasonable inference any named Defendant knew of an excessive risk of inmate-on-inmate violence

occurring during transport. Rather, Plaintiff describes an isolated, random attack. He does not describe a similar incident having occurred previously. Nor does Plaintiff allege he reported to any named Defendant that he feared or was threatened by some of the inmates being transported with him. Additionally, Plaintiff does not allege any Defendant intentionally misapplied some of the inmates' restraints to enable those inmates to harm him during transport. On the contrary, Plaintiff alleges an officer checked every inmates' handcuffs before permitting the inmates to board the bus. See Compl. at 6. To the extent the officer was not as diligent as he should have been, Plaintiff alleges at most negligence, not deliberate indifference.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of September 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:	Taronn Kenard Brown